**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| GEMINI INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3-09-CV-0704-M |
| TRIDENT ROOFING COMPANY, | § | |
| L.L.C., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction [Docket Entry #14]. For the reasons explained below, Defendant's Motion is **DENIED**.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff Gemini Insurance Company ("Gemini") filed this declaratory judgment action seeking a declaration that it does not owe Defendant Trident Roofing Company, L.L.C. ("Trident") a duty to defend or indemnify in a lawsuit filed against Trident by the Roman Catholic Diocese of Dallas and Our Lady of the Lake Catholic Church (together, the "Church") for breach of contract, breach of warranty, negligence, and relief under the Texas Deceptive Trade Practices Act ("DTPA") in connection with damage the Church allegedly sustained from Trident's work on the Church's facility.

Trident moved to dismiss for lack of subject matter jurisdiction, contending that the amount in controversy does not meet the $75,000 minimum jurisdictional requirement under 28 U.S.C. § 1332(a).

ANALYSIS

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may evaluate: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[1]  All factual allegations in the complaint must be accepted as true.[2]  The burden of establishing subject matter jurisdiction rests on Gemini, as the party invoking federal jurisdiction.[3]

Trident alleges that the amount of economic damages is only $49,347.76.  This is the figure given by the Church as "the amount paid to [a third party] for repairs which were needed as a result of the negligence and/or breach of contract and other acts/omissions of [Trident]" in the Church's Responses to Trident's Requests for Disclosure.[4]

However, in addition to the restoration costs, the Church also seeks other categories of damages: "treble, punitive, and exemplary damages as provided by the statutes and the common law; and including, but not limited to, reasonable cost of repair and replacement, reasonable expenses of temporary storage/use, reduction in market value, attorneys fees for trial, and for any appeal [and] costs of court . . . ."[5]

In a declaratory judgment proceeding, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented."[6]  When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the "value of the right to be

---

[1] *Den Norske Stats Oljeselskap As v. HeereMac v.o.f.*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).
[2] *Id*. at 424.
[3] *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citation omitted).
[4] *See* Trident's Mot. at 2, Ex. B. at 4 (unnumbered).
[5] *See id.*
[6] *St. Paul*, 134 F.3d at 1252-53 (citations and internal quotation marks omitted).

protected" is the plaintiff's potential liability under the policy, which includes potential attorneys' fees, penalties, statutory damages and punitive damages.[7]

With treble damages available under the DTPA for the $49,347.76 in damages the Church seeks for restoration alone, the amount in controversy well exceeds the minimum jurisdictional limit of $75,000.[8]  This conclusion is only strengthened by the possibility of adding other categories of damages the Church seeks.  Accordingly, this Court has subject matter jurisdiction over Gemini's declaratory judgment claim, and Trident's Motion to Dismiss is DENIED.

SO ORDERED.

October 23, 2009.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[7] *Id.* at 1253; *see Wise v. CB Richard Ellis, Inc.*, 2003 U.S. Dist. LEXIS 22597 (N.D. Tex. Dec. 9, 2003) (Fitzwater, J.) ("The law is clear . . . that punitive damages and attorney's fees are combined with compensatory damages in determining the amount in controversy.").

[8] *See* Tex. Bus. & Com. Code Ann. § 17.50 (b)(1) (Vernon 2002) (providing for treble damages under the DTPA); *Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003) ("The [claimants'] original damage requests, on their face, do not satisfy the $75,000 requirement; the [claimants'] actual claims, however, are substantially greater because the DTPA permits a plaintiff to recover the costs of litigation, pre and post-judgment interest, and treble damages.") (citing Tex. Bus. & Com. Code Ann. § 17.05(b)(1) (Vernon 2002)).