IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEMINI INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-704-M |
| | § | |
| TRIDENT ROOFING COMPANY, L.L.C., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment [Docket Entry #21]. For the reasons explained below, the Motion is **GRANTED**.

I. BACKGROUND FACTS

Plaintiff Gemini Insurance Company ("Gemini") insured Defendant Trident Roofing Company, L.L.C. ("Trident") under a commercial general liability insurance contract, policy number VIGP008107, for the period May 22, 2007 through May 22, 2008 (the "Policy"). Trident contracted with the Roman Catholic Diocese of Dallas and Our Lady of the Lake Catholic Church (together, the "Church") to perform roofing work on a Church building.[1]

On February 26, 2009, the Church filed suit against Trident (the "underlying suit") for breach of contract, breach of warranty, negligence, and violations of the Texas Deceptive Trade Practices Act in connection with damage the Church allegedly sustained from Trident's work, both to Trident's work and to other parts of the Church's building, caused by Trident's "torching

---

[1] Although the date of this contract does not appear in any of the pleadings, Gemini does not contest that the contract was performed during the Policy's coverage period.

down" of the Church's roof.[2]

On April 17, 2009, Gemini filed this declaratory judgment action, seeking a declaration that it does not owe a duty to defend or indemnify Trident in the underlying lawsuit. On December 3, 2009, Gemini moved for summary judgment. Trident has not filed a Response.

## II.  LEGAL STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3]  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[4]  Summary judgment is not granted by default when the nonmovant makes no response; Gemini must still establish the absence of a genuine issue of material fact.[5]

A party may secure a declaratory judgment on the insurer's duty to defend before the underlying tort suit proceeds to judgment.[6]  When the insurer has no duty to defend and "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify," the insurer's duty to indemnify is also justiciable before liability is resolved in the underlying tort suit.[7]

As the Texas Supreme Court recently explained, "[a]n insurer must defend its insured if a plaintiff's factual allegations potentially support a covered claim, while the facts actually

---

[2] "Torch down roofing" is defined in the Policy as "the use of any roofing system that requires the applying of a direct flame (torch) to asphalt/modified bitumen or in the application of any other roofing material." Gemini's Motion, App. at 55.
[3] Fed. R. Civ. P. 56(c).
[4] *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[5] *See Wilson v. Brestrup*, 2006 U.S. Dist. LEXIS 17912, at *3 n.5 (N.D. Tex. Apr. 10, 2006) (Lynn, J.).
[6] *See Columbia Cas. Co. v. Ga. & Fla. Railnet Inc.*, 542 F.3d 106, 110 (5th Cir. 2008).
[7] *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997); *Columbia Cas. Co.*, 542 F.3d at 111.

established in the underlying suit determine whether the insurer must indemnify its insured."[8] Therefore, it is possible that an insurer may have a duty to defend its insured, without a corresponding obligation to indemnify.[9] However, if there is no duty to defend, there is no duty to indemnify.[10]

Texas follows the "eight-corners rule" of insurance contract construction, which states that "an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations."[11] While the court cannot look outside the pleadings, it construes the pleadings liberally, and resolves all doubts regarding the duty to defend in favor of the insured.[12] "Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy."[13]

The burden is typically on the insured to show that a claim against him is potentially within the scope of his coverage.[14] However, when the insurer relies on the policy's exclusions to deny coverage, the insurer bears the burden of proving that the exclusions apply.[15]

Thus, in determining whether Gemini has a duty to defend or indemnify Trident, the Court compares the allegations in the underlying case to the Policy to determine whether the

---

[8] *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 310 (Tex. 2006)).
[9] *Id.* at 490-91 (citing *Farmers*, 955 S.W.2d at 82).
[10] *See Westchester Surplus Lines Ins. Co. v. Maverick Tube Corp.*, 2009 U.S. App. LEXIS 26912, at *14 (5th Cir. Dec. 10, 2009); *Farmers*, 955 S.W.2d at 84 (Tex. 1997).
[11] *Zurich*, 268 S.W.3d at 491 (quoting *GuideOne*, 197 S.W.3d at 308) (internal quotation marks omitted)).
[12] *Id.* (citations omitted); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141-42 (Tex. 1997).
[13] *Id.* (quoting *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965)).
[14] *Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 197 F.3d 720, 723 (5th Cir. 1999).
[15] *Id.*

allegations in the underlying case potentially fall within the scope of the Policy's coverage, and whether any exclusions apply.

## III. ANALYSIS

Gemini contends that multiple exclusions apply to preclude Trident's insurance claim: a roofing exclusion, a "torch down roofing" exclusion, and "business risk" exclusions j, k, l and m. Because the Court finds the torch down roofing exclusion dispositive, it does not reach the other exclusions claimed by Gemini.

In its First Amended Petition, the Church alleges:

"During the process of 'torching down' the roofing material on Plaintiff's facility, Defendant caused a fire to start which resulted in substantial damage to both Defendant's work and to other parts of Plaintiff's building. Defendant failed to perform its work correctly, breached its contract with Plaintiff, and negligently damaged other materials and finishes within the structure which will require repair and replacement. Defendant's negligence, poor work, and careless acts also damaged the existing building and elements of the building, and caused numerous water leaks, which did significant damage to the interior finish elements of the building including walls, sheetrock, flooring, carpet, and other items."[16]

The Church further alleges:

Defendant failed to properly perform its work, failed to have proper safety measures and equipment in place to avoid such damage, failed to have properly trained and experienced personnel perform the work, failed to properly supervise its workers and employees, and such failures proximately caused significant and substantial damage to the building. Defendant's negligent acts, including its performance of its work, and including acts and omissions that were not a part of its torching down work, but which included carelessly and recklessly working and moving around the premises, carelessly and recklessly moving tools and materials, installing materials, and failing to take care and caution to protect the existing structure, caused damage to both the elements of its own work, but also caused significant damage to elements that were not a part of its work, but were parts of the existing building and structure, all of which had to be repaired at great expense to Plaintiff.[17]

---

[16] Gemini's Motion, App. at 66-67.
[17] Gemini's Motion, App. at 69-70.

These damages are clearly precluded from coverage under the eight corners rule because the torch down roofing exclusion in the Policy states: "It is agreed no coverage is afforded for any liability or claim that arise[s] out of, is related to, or connected with the following: TORCH DOWN ROOFING."[18]

Texas courts construe the phrases "arise out of," "related to," or "connected with" broadly in the context of insurance exclusions.[19] The Texas Supreme Court has held that "arise out of" means that there is simply a "causal connection or relation," which means that there is but-for causation, though not necessarily direct or proximate causation.[20] That is, if it were not for the existence of the underlying event or circumstance, the damage would not have occurred; however, the underlying event or circumstance could have existed without the damage ever occurring. A claim need only bear an incidental relationship to the described conduct to "arise out of" that conduct.[21] Furthermore, "[u]nder a long line of Fifth Circuit decisions," the Fifth Circuit has broadly construed language identical or similar to the phrase "arising in connection herewith" contained in indemnity agreements to "unambiguously encompass all activities reasonably incident [to] or anticipated by the principal activity of the contract."[22]

Even under a liberal construction of the pleading, all of the allegations in the Church's First Amended Petition "arose out of" or are "connected with" Trident's torch down roofing job, as those terms have been interpreted by the Fifth Circuit. But for the torching down roofing job,

---

[18] *Id*. at 55.
[19] *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 370 (5th Cir. 1998) (holding that the words "arising out of," when used within an insurance policy, are "broad, general, and comprehensive terms effecting broad coverage." (citing *Red Ball Motor Freight, Inc. v. Employers Mut. Liab. Ins. Co.*, 189 F.2d 374, 378 (5th Cir. 1951))); *McGinnis v. Union Pac. R.R. Co.*, 612 F. Supp. 2d 776, 788 (S.D. Tex. 2009) (citing *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004)).
[20] *Utica*, 141 S.W.3d at 203 (quoting *Mid-Century Ins. Co. v. Lindsey*, 997 S.W.2d 153, 156 (Tex. 1999); other citations omitted).
[21] *Scottsdale Ins. Co. v. Tex. Sec. Concepts & Investigation*, 173 F.3d 941, 943 (5th Cir. 1999) (citing *Bailey*, 133 F.3d at 370).
[22] *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1214 (5th Cir. 1986).

Trident would not have been working at the Church's site, and therefore could not have been "carelessly and recklessly working and moving around the premises, carelessly and recklessly moving tools and materials, installing materials, and failing to take care and caution to protect the existing structure." The damage caused to parts of the Church's building and structure were caused by Trident's presence on the Church's site, and thus "arose out of" or are "connected with" Trident's torch down roofing job. Therefore, Gemini does not owe a duty to defend or to indemnify Trident in the underlying suit.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is **GRANTED**. Final judgment will be entered in a separate Order.

**SO ORDERED.**

January 22, 2010.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS